D. D. COBURN AND WIFE, EULA W. COBURN, LUCIAN J. PEELE, SR., AND WIFE, MILDRED W. PEELE, ROBBIE L. WATERS AND WIFE, HILDA H. WATERS, MARION G. WATERS, AND WIFE, VIVIAN S. WATERS, LULA B. GAYLORD, WIDOW, LEONA S. GAYLORD, WIDOW, S. ROSCOE GAYLORD AND WIFE, ETHEL C. GAYLORD, DALLAS G. WATERS AND WIFE, MARGARET B. WATERS, FENNER T. WATERS AND WIFE, GRACE N. WATERS, SURRY D. WRIGHT AND WIFE, DOROTHY N. WRIGHT, JOSEPH E. DILLION AND WIFE, MERCEDES W. DILLION

— v. —

BILLY G. GAYLORD AND WIFE, SARAH R. GAYLORD, LELA GAYLORD, WIDOW, W. H. (BILL) GAYLORD AND WIFE, BETTY LOU GAYLORD

No. 732SC505

(Filed 25 July 1973)

**Wills § 34— life estate in son — remainder to "all of my children"**

   Where testator devised a life estate in all his property to a named son and the remainder "to all my children," the testator intended that the son who was given the life estate would also share in the remainder with testator's other children.

APPEAL by plaintiffs from *Cowper, Judge,* 5 March 1973 Session of Superior Court held in MARTIN County.

Plaintiffs seek a declaratory judgment interpreting specific portions of the will of W. G. Gaylord who died on 15 June 1920. The parties stipulated that no issue of fact exists and that all parties were properly before the court.

The will of W. G. Gaylord provides, in pertinent part:

   "2nd, I give and bequeath to my son, E. H. Gaylord, all of my property, both real and personal of every kind and description, for and during his natural life, provided he takes care of and maintains my beloved wife, Nannie E. Gaylord, so long as she shall live.

   3d, At the death of my said son, E. H. Gaylord, I give and bequeath all of my property, both real and personal, of every kind and description, to all of my children, to be divided equally in fee simple for every."

The testator was the father of four living children at the time his will was written and at the time of his death. Nannie E. Gaylord, widow of the testator, died on 26 August 1929.

E. H. Gaylord, who died in 1972, survived the other three children of testator. The heirs of the other three children are plaintiffs. Defendants are the heirs at law and assignees of E. H. Gaylord.

Judge Cowper held, ". . . that Items II and III of the will of W. G. Gaylord give unto Eli Herbert Gaylord [E. H. Gaylord] a vested remainder in one-fourth undivided interest in and to all real and personal property of the estate of W. G. Gaylord."

*Edgar J. Gurganus for plaintiff appellants.*

*Bailey & Cockrell by Arthur E. Cockrell; Spruill, Trotter & Lane by Robert K. Smith, attorneys for defendant appellees.*

VAUGHN, Judge.

Plaintiffs argue that testator intended to give a life estate to one of his children, E. H. Gaylord, and the remainder to his *other* three children, thereby *excluding* E. H. Gaylord. Judge Cowper held, in effect, that testator devised a life estate to E. H. Gaylord and the remainder to *all* of his children, including E. H. Gaylord. Judge Cowper was correct. Testator devised the remainder after the life estate to "all of my children." E. H. Gaylord, one of his children, was clearly included.

Affirmed.

Judges BROCK and HEDRICK concur.